**Michael Fuller, Oregon Bar No. 09357**
Trial Attorney for the Yungerman Family
OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204
Michael@UnderdogLawyer.com
Mobile 503-201-4570

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TIMOTHY** and **JEANETTE YUNGERMAN**,<br>California residents,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>**PEAK TRANSPORT INC.**,<br>an Oregon business corporation, and<br>**WESTERN SURETY COMPANY**,<br>its South Dakota bond company,<br><br>　　　　　　　　　　Defendants. | Case No. 6:14-cv-1088<br><br>**COMPLAINT**<br><br>**Unlawful Trade Practices (28 U.S.C. § 1332)**<br><br>**DEMAND FOR JURY TRIAL** |

1.

## JURISDICTION

The United States District Court for the District of Oregon has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy requirement is met and complete diversity of the Parties exists.

**COMPLAINT** - Page 1

2.

## THE PARTIES

Plaintiffs Timothy and Jeanette Yungerman (Plaintiffs) are natural persons residing in California.

3.

Defendant Peak Transport Inc. (Peak) is a domestic business corporation, regularly doing business in Deschutes County, and is a licensed vehicle dealer in the State of Oregon.

4.

Defendant Western Surety Company (Western) is Peak's South Dakota bond company and is jointly and severally liable for Peak's conduct pursuant to its bond.

5.

The venue and division of this Honorable Court are proper because the majority of Peak's acts and omissions as alleged below were made in Deschutes County, Oregon.

6.

## FACTUAL ALLEGATIONS

In late 2013, Plaintiffs purchased a 2003 Volkswagen Eurovan (van) for $14,500 from Peak.

7.

At the time Peak contracted with Plaintiffs for the purchase of the van, Peak had knowledge that Plaintiffs were California residents.

/ / /

/ / /

**COMPLAINT** - Page 2

8.

At the time Peak contracted with Plaintiffs for the purchase of the van, Peak had knowledge that the van would be used for the first time by Plaintiffs upon its delivery to Plaintiffs in California.

9.

At the time Peak contracted with Plaintiffs for the purchase of the van, Peak had knowledge that Plaintiffs would have their first opportunity to personally physically view and inspect the van upon its delivery to Plaintiffs in California.

10.

Plaintiffs made their down payment to Peak on November 15, 2013.

11.

The van was delivered from Peak, in Bend, Oregon, to Plaintiffs in Santa Rosa, California, by a third party shipping company on December 4, 3013.

12.

Prior to the sale, Peak wilfully represented to Plaintiffs that the van had no body damage and that everything worked as it should.

13.

Peak also wilfully represented to Plaintiffs that the van had the option of keyless entry.

14.

Peak had reason to know Plaintiffs would rely on its wilful representations because Plaintiffs specifically asked about the van's condition prior to making their down payment.

/ / /

**COMPLAINT** - Page 3

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

15.

Peak had reason to know Plaintiffs would rely on its wilful representations because Plaintiffs told Peak they intended to use the van to as their personal family recreational vehicle.

16.

Peak wilfully concealed and failed to disclose material defects and damage to the van to Plaintiffs, including that:

(a) the van's body, wheels, and interior were damaged,

(b) the van's antenna was missing, the AM stations did not work, and some FM stations did not work,

(c) the van's roof was dented and missing paint,

(d) the van's paint was mismatched on the roof, body, and bumper,

(e) the van's windshield contained one small chip and one large chip, directly in front of the eyes of the passenger,

(f) the van's wheels were the wrong size and presented a safety concern,

(g) the van's handles to the lower seat panel were broken, making the storage area inaccessible,

(h) the van's smart keys for keyless entry did not work properly,

(i) the van's rear passenger captain's chair armrest was broken,

(j) the van's driver's seat gear cover trim was missing,

(k) the van's right-side sliding door was loose, and

(l) the van's fold-down table had exposed, non-recessed screws.

/ / /

**COMPLAINT** - Page 4

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

17.

Peak knew and had reason to know of the material defects and damage to the van before selling it to Plaintiffs because:

(a) Peak's owner, Mr. Ryan Miles, wilfully represented to Plaintiffs that he drove the van as his personal vehicle for over 10,000 miles in 2012 and 2013,

(b) the van's prior work orders indicate the defects existed before it was sold to Plaintiffs,

(c) the defects included unsafe and distracting noises that Mr. Miles would have personally experienced when driving the van, and

(d) the third party shipping company's notes indicate the van was damaged prior to its shipment to Plaintiffs.

18.

Plaintiffs discovered the van's defects and damage as soon as reasonably possible, when the van was delivered to their home in California, and in the weeks that followed.

19.

As of the date of this Complaint, Plaintiffs are aware of at least $11,000 in repairs necessary to fix the damage to the van and make it work like it should.

20.

Peak has refused to repair the van, pay for repairs, or refund Plaintiffs' money upon request.

21.

Peak's misrepresentations, omissions, and concealments above were malicious because they were deliberate and calculated to cause Plaintiffs to purchase the van.

**COMPLAINT** - Page 5

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

22.

As a direct and proximate result of Peak's conduct alleged above, Plaintiffs suffered actual damages; namely, economic loss of the difference between the value of the van as it was represented to them, and the value of the defective damaged van Peak actually sold them, and loss of use of the van.

23.

### CAUSES OF ACTION

### CLAIM ONE

### UNLAWFUL TRADE PRACTICES

**(ORS 646.608 *et seq.*)**

Plaintiffs re-allege all of the above paragraphs by reference.

24.

Peak's conduct as alleged above violated Oregon's Unlawful Trade Practices Act (UTPA) because:

(a) Peak engaged in unfair or deceptive conduct in trade, in violation of ORS 646.608(1)(t) by selling the van to Plaintiffs without disclosing the known material defect/nonconformity of its defective conditions,

(b) Peak engaged in unfair or deceptive conduct in trade, in violation of ORS 646.608(1)(t) by failing to fulfill its continuing duty to disclose known material defects and nonconformity upon learning of the defects,

(c) Peak violated ORS 646.608(1)(u), when in the course of its business it engaged in unfair and deceptive conduct in trade or commerce,

**COMPLAINT** - Page 6

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

(d) Peak violated OAR 137-020-0020(3)(o), which defines unfair and deceptive practices prohibited under ORS 646.608(1)(u), by failing to disclose existing material nonconformities and defects about which Peak and Mr. Miles knew, and should have known, prior to the sale of the van,

(e) Peak violated OAR 137-020-0020(3)(p), which defines unfair and deceptive practices prohibited under ORS 646.608(1)(u), by making misrepresentations, and false or incomplete statements of fact in conjunction with the sale of the van,

(f) Peak violated OAR 137-020-0020(3)(p), which defines unfair and deceptive practices prohibited under ORS 646.608(1)(u), by making representations and statements which it did not have sufficient information upon which a reasonable belief in the truth of the representations could be based.

25.

Plaintiffs would not have purchased the van from Peak but for the misrepresentations.

26.

Peak's failure to comply with the UTPA caused Plaintiffs actual damages as alleged above. As a result, Plaintiffs are entitled to recover fair compensation, including actual damages, punitive damages, costs and a reasonable attorney's fee pursuant to ORS 646.638.

27.

## CLAIM TWO

### FRAUD

Plaintiffs re-allege all of the above paragraphs by reference.

/ / /

**COMPLAINT** - Page 7

28.

Peak intentionally misrepresented material facts relating to the condition of the van to Plaintiffs.

29.

Peak intentionally concealed material facts relating to the condition of the van from Plaintiffs.

30.

Peak knowingly misrepresented and concealed material facts with intent to deceive Plaintiffs.

31.

Peak intended that Plaintiffs would rely on its misrepresentations and concealment of material facts when making their decision to purchase the van.

32.

Plaintiffs justifiably relied on the facts represented by Peak, and was unaware of the concealed facts.

33.

Plaintiffs would not have purchased the van if Peak had not concealed material facts about its condition.

34.

Peak's conduct as alleged above constitutes fraud. As a result, Plaintiffs are entitled to recover fair compensation, including actual damages and punitive damages.

/ / /

**COMPLAINT** - Page 8

35.

## CLAIM THREE

## VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT

**(Cal. Civ. Code § 1750 *et seq.*)**

Plaintiffs re-allege all of the above paragraphs by reference.

36.

Peak's conduct as alleged above violated California's Consumer Legal Remedies Act (CLRA) because:

(a) Peak engaged in unfair or deceptive conduct in trade, in violation of the general provisions and spirit of the CLRA by selling the van to Plaintiffs without disclosing known material defects of the van because that practice inherently constitutes an unfair, deceptive act and because that practice intended to result and did result in a sale of a good to Plaintiffs pursuant to Cal. Civ. Code §1770(a),

(b) Peak specifically violated Cal. Civ. Code § 1770(a)(4) because Peak wilfully made deceptive representations to Plaintiffs in connection with the sale of the van,

(c) Peak specifically violated Cal. Civ. Code § 1770(a)(5) because Peak wilfully represented that the van had specific characteristics or benefits, when in fact that van never had those characteristics or benefits, and

(d) Peak specifically violated Cal. Civ. Code § 1770(a)(7) because Peak wilfully represented through various communications that the van was of a particular quality when, in fact, the van was of a much poorer and less desirable quality.

/ / /

**COMPLAINT** - Page 9

37.

Peak's failure to comply with the CLRA caused Plaintiffs actual damages as alleged above. As a result, Plaintiffs are entitled to recover fair compensation, including actual damages, punitive damages, costs and a reasonable attorney's fee pursuant to Cal. Civ. Code §§ 1780(a)(1)-(5) and (e).

38.

## CLAIM FOUR

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW

### (California Bus. & Prof. Code § 17200 *et seq.*)

Plaintiffs re-allege all of the above paragraphs by reference.

39.

Peak's conduct as alleged above violated California's Unfair Competition Law (UCL) because:

(a) Peak's actions constituted multiple violations of the CLRA,

(b) Peak's actions were deceitful,

(c) Peak's actions were unfair,

(d) Peak's actions constituted fraud as defined by California common law, and

(e) Peak's violation is independently actionable as unlawful practices pursuant to the UCL.

40.

Peak's violations of the CRLA and California common law caused it to be unjustly enriched at Plaintiffs' expense, in violation of the UCL.

/ / /

**COMPLAINT** - Page 10

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

41.

Peak's failure to comply with the UCL caused Plaintiffs actual damages as alleged above. As a result, Plaintiffs are entitled to an equitable award of restitution equal to the amount paid toward the van's purchase price, an award of pre-judgment interest, and punitive damages.

42.

Plaintiffs are also entitled to a post-judgment award of reimbursed attorney fees as a private attorney general pursuant to Cal. Civ. Proc. 1021.5 because:

(a) a judgment rendered against Peak under the UCL would significantly benefit California residents who purchase vehicles in Oregon, and

(b) Peak and other Oregon-based interstate car dealerships would be deterred from violating California consumer protection laws when they sell vehicles to California residents in the future.

43.

**DEMAND FOR JURY TRIAL**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT** - Page 11

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

**WHEREFORE**, Plaintiffs seeks order and judgment against Peak and Western as follows:

1. An award of actual damages;

2. An award of punitive damages;

3. An award reimbursing Plaintiffs for the costs of prosecuting this action, together with a reasonable attorney's fee;

4. Any other equitable relief this Honorable Court may determine to be fair and just, including an equitable award of restitution and pre-judgment interest.

DATED: July 8, 2014

        RESPECTFULLY FILED,

        s/ Michael Fuller
        Michael Fuller, Oregon Bar No. 09357
        Trial Attorney for the Yungerman Family
        OlsenDaines, P.C.
        US Bancorp Tower
        111 SW 5th Ave., 31st Fl.
        Portland, Oregon 97204
        Michael@UnderdogLawyer.com
        Mobile 503-201-4570

**COMPLAINT** - Page 12

**CERTIFICATE OF SERVICE**

Pursuant to ORS 646.638(2), I certify that on July 8, 2014, I caused this Complaint to be delivered to the following by first class mail:

**Oregon Attorney General**
**c/o Department of Justice**
**1162 Court Street NE**
**Salem, OR 97301-4096**

DATED: July 8, 2014

        s/ Michael Fuller
        Michael Fuller, Oregon Bar No. 09357
        Trial Attorney for the Yungerman Family
        OlsenDaines, P.C.
        US Bancorp Tower
        111 SW 5th Ave., 31st Fl.
        Portland, Oregon 97204
        Michael@UnderdogLawyer.com
        Mobile 503-201-4570

**COMPLAINT** - Page 13

        OlsenDaines, P.C.
        US Bancorp Tower
        111 SW 5th Ave., 31st Fl.
        Portland, Oregon 97204